**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **DARLENE ALEXANDER** | § § § | |
| **VS.** | § § § | **CIVIL ACTION NO. _____** |
| **SERVISAIR, LLC** | § § | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DARLENE ALEXANDER, Plaintiff in the above styled and numbered cause, and files this Plaintiff's Original Complaint, complaining of SERVISAIR, LLC ("DEFENDANT"), and for cause of action would show as follows:

## I.
## INTRODUCTION

1. This action seeks equitable relief, back and future pay, lost benefits, reinstatement, liquidated, compensatory and punitive damages, expert witness fees, taxable costs of court, prejudgment and post-judgment interest for violations of the Family Medical Leave Act (FMLA) and for violations of the Federal Labor Standars Act (FLSA) suffered by Plaintiff during her employment by Defendant.

2. Plaintiff demands a jury on all issues triable to a jury.

## II.
## PARTIES

3. Plaintiff, Darlene Alexander, is a resident of Harris County, Texas.

4. Defendant Servisair, LLC is Limited Liability Company, a corporation and/or other business entity headquartered and registered and doing business in the State of Texas. This Defendant may be served with the complaint and/or summons by personal service or through certified mail by serving any vice principal or executive officer of the corporation or by serving

Defendant's Registered agent: Corporation Service Company dba CSC-Lawyers Inco, 211 E. **7th** Street, Austin, TX 78701.

5. Whenever in this petition it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, agents, officers, managers and personnel agents or servants committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of Defendant's officers, agents, managers, vice-principals, agents, servants, or employees.

### III.
### JURISDICTION AND VENUE

6. Venue is proper in the Southern District of Texas, under 28 U.S.C. § 1391(b) since the substantial part of the events or omissions giving rise to this cause of actions occurred in the Southern District of Texas.

7. This court has subject matter jurisdiction in this case pursuant to 28 U.S.C. §1331 (federal question) since Plaintiff is bringing this claim pursuant to and the Family Medical Leave Act, 29 U.S.C. Sec. 2611, et. seq. and the Federal Labor Standards Act.

8. The court has personal jurisdiction over Defendant since it maintains sufficient minimum contacts with the State of Texas.

9. The amount in controversy is within the jurisdictional limits of this Court.

10. This Court has pendant jurisdiction over state common law and all claims in this action.

### IV.
### FACTS

11. Plaintiff Darlene Alexander worked for Defendant from on or about June 4, 2007 until on or about May 17, 2011.

12. Alexander's last job was as a payroll accountant. In this job, Alexander reconciled payrolls and sent them to the proper cost center. She also sent information to the company's 401K provider. Mostly, she performed data entry duties. She did not supervise anyone. She had no authority to make financial decisions for the company and she had no authority to make payroll changes. She worked at least 9 hours a day or 45 hours a week and was not paid overtime.

13. On or about the week of April 11, 2011, Alexander began feeling ill. Her illness progressed to the point, where she had to leave work at around 3 pm on Monday, May 9, 2011. She called and informed her supervisor that she was unable to return to work. When her supervisor did not answer, Alexander left a voice mail.

14. Alexander was experiencing serious health conditions, including, but not limited to shortness of breath, a tightness in her chest and a rapidly beating heart.

15. At around 7 am on May 10, 2011 Alexander phoned Supervisor Sandra Rayo and informed her on her voice mail that she was not feeling well and that she would be out sick.

16. On May 11, 2011, after leaving another voice mail about her inability to work, Plaintiff went to see her physician, who performed an EKG and told her to see a cardiologist and a therapist. Her doctor took her off work until her serious health condition improved.

17. On May 12, 2011, again left a voice mail for her supervisor early in the morning about her need for medical care. Around 11 am that day, Supervisor Rayo called Alexander while she was in the office of her therapist and Alexander told Rayo that she was on Family Medical Leave. The therapist informed Alexander that she would be on medical leave for an indefinite period of time.

18. On May 13, 2011, Alexander formally applied for FMLA leave with the Reed Group, the FMLA provider of the company.

19. Plaintiff completed the FMLA paperwork and was approved for FMLA leave from May 10, 2011 to June 3, 2011.  Servisair received notification on May 14, 2011 regarding Alexander's approval for FMLA leave.

20. Despite being on approved FMLA leave, Defendant sent Plaintiff a letter on May 18, 2011, terminating her as of May 17, 2011 on allegations of failure to call and show up for work or job abandonment.  This was a false reason for termination, because Plaintiff was on FMLA leave for a serious health condition and never abandoned her job.

## **FMLA VIOLATIONS**

21. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

22. This claim is authorized by and instituted pursuant to the FAMILY & MEDICAL LEAVE ACT OF 1993 (FMLA), 29 U.S.C. § 2601, et seq.  It is brought to prevent defendants from denying, restraining, retaliating or otherwise interfering with the rights guaranteed plaintiff by the Act, and to recover damages and other relief authorized by § 107(a) of the Act, 29 U.S.C § 2617(1), (3).

23. Defendant is an employer within the meaning of § 101 of the Act, 29 U.S.C. § 2611(4), in that defendant employs and has employed 50 or more employees for each working day during each of 20 or more calendar workweeks during the applicable time period, and is engaged in commerce or in an industry or activity affecting commerce.

24. Plaintiff would show that defendant violated the FMLA with respect to Plaintiff in the following and other respects:

(a) by firing her and retaliating against her on or about May 17, 2011, in violation of  29 U.S.C. § 2601, et seq.

(b)      by interfering with, restraining or denying plaintiff's exercise or her attempts to exercise her rights provided by the FMLA;

( c )      by discriminating and otherwise retaliating against her for taking family medical leave in violation of § 105 of the Act, 29 U.S.C. § 2615(a), (b).

## FLSA VIOLATIONS

25. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

26. Defendant Servicair, LLC has been an enterprise engage in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. Section 203(s)(1) A and related sections, in that it has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that it has an annual gross volume of sales made or business done of not less than $500,000.

27. Defendant has violated at least the following sections of the FLSA: Section 7 and 15 (a) 2, 29 U.S.C. Sections 207 and 215 (a) (2) by employing Plaintiff in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer than forty hours without always compensating her in excess of forty hours per week at rates not less than one and one-half times their regular rates at she he was employed.

28. Defendant's violations of the FLSA was willful. As a result of these violations, overtime compensation has been unlawfully withheld by the Defendant from Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Darlene Alexander respectfully prays that upon final hearing and trial hereof, this Court grant Plaintiff judgment and against Defendant Servisair, LLC for the following:

a. For actual damages for the period of time provided by law, including appropriate back pay, liquidated damages and reimbursement for lost pension, insurance, and all other benefits;

b. Reinstatement, or front pay, including benefits, in lieu of reinstatement;

c. For liquidated and compensatory damages and punitive damages, including any damages, as allowed by law;

d. For attorney's fees, expert witness fees incurred by Plaintiff in the preparation and prosecution of this action;

e. For pre-judgement and post-judgement interest as allowed by law;

f. For costs of court and costs of prosecuting Plaintiff's claim; and

g. For such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,
Steven E. Petrou, Attorney at Law

By: //S// Steven E. Petrou
Steven E. Petrou
11107 McCracken Cir., Suite A
Houston, TX   77429
Phone (281) 970-8555
Fax: (281) 970-8559
Federal Id. # 15337
State Bar # 00784751
**Attorney-in-Charge for Plaintiff**