# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **DARLENE ALEXANDER** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| versus | § | **CIVIL ACTION NO. H-12-817** |
| | § | |
| **SERVISAIR, LLC,** | § | |
| | § | |
| *Defendant.* | § | |

## COURT'S INSTRUCTIONS TO THE JURY

**Members of the Jury:**

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

You have heard the closing arguments of the attorneys. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence, unless instructed otherwise. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the

testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. If the proof fails to establish any essential part of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you

believe that single witness. The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence, but which witness, and which evidence, appeals to your minds as being most accurate, and otherwise trustworthy.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

## SPECIFIC INSTRUCTIONS

Plaintiff Darlene Alexander is a former employee of Servisair, LLC, in Houston, Texas. Alexander alleges that she was terminated while she was taking medical leave and in retaliation for taking medical leave, in violation of the Family and Medical Leave Act ("FMLA"). Alexander also alleges that she was misclassified as exempt from overtime laws under the Fair Labor Standards Act ("FLSA") and that she was not paid overtime for the hours she worked over 40 hours a week while she was employed as a Payroll Accountant. Servisair asserts that it did not interfere with or discriminate against Alexander for taking FMLA leave, and that she was properly classified as exempt under the FLSA as an administrative employee.

Plaintiff claims she was entitled to time off from work under the FMLA, and that Defendant interfered with, restrained, or denied her entitlement to time off. Defendant denies Plaintiff's claims and contends that Plaintiff abandoned her job.

It is unlawful for an employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided by the FMLA. FMLA rights include requesting or taking leave under the FMLA, having the employer maintain certain employment benefits during leave and, once leave is completed, being restored by the employer to the position of employment the employee held when leave commenced, or to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.

An employee is entitled to take up to 12 weeks of leave in any 12-month period because of a serious health condition that makes them unable to perform the functions of their position. A "serious health condition" means an illness, injury, impairment or physical or mental condition that involves either (a) inpatient care in a hospital, hospice, or residential medical care facility, or (b) continuing treatment by a health care provider. A "health care provider" includes a doctor of medicine, doctor of osteopathy, podiatrist, dentist, clinical psychologist, optometrist, nurse practitioner, nurse-midwife, or clinical social worker, so long as the provider is licensed to practice in the State and is performing within the scope of his or her practice.

Plaintiff was required to provide notice to Defendant indicating when she required FMLA leave. If the need for leave was unforeseeable (i.e., unplanned or unexpected), Plaintiff was required to give Defendant notice as soon as was practicable under the facts and circumstances. Ordinarily, "as soon as practicable" requires an employee to give at least verbal notification within one or two business days after learning of the need for leave, except in extraordinary circumstances

4

where such notice is not feasible. To give Defendant proper notice of her need for FMLA leave, Plaintiff was not required to expressly mention the FMLA in particular. Plaintiff need only have provided Defendant enough information to place it on notice that leave was needed because of her serious health condition.

To prevail in this case, Plaintiff must prove by a preponderance of the evidence that she was entitled to time off from work: (a) because Plaintiff had a "serious health condition" that made her unable to perform the functions of her employment position; (b) Plaintiff gave Defendant the proper notice of the need for time off from work; and (c) Defendant in any way interfered with, restrained, or denied Plaintiff's entitlement to take time off from work.

In this case, it does not matter whether Defendant intended to violate the FMLA. If Defendant denied Plaintiff a right to which she was entitled under the FMLA, then Defendant is liable, and Plaintiff should prevail.

Plaintiff also claims she was discharged by Defendant because she engaged in FMLA-protected activity. Defendant denies Plaintiff's claims and contends that Plaintiff abandoned her job.

It is unlawful for an employer to discriminate or retaliate against an employee for engaging in FMLA-protected activity. FMLA-protected activity includes, but is not limited to, requesting or taking leave, having the employer maintain certain employment benefits during leave, and, once leave is completed, seeking restoration to the position of employment Plaintiff held when leave commenced, or to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.

To prevail in this case, Plaintiff must prove by a preponderance of the evidence that: (a) she engaged in FMLA-protected activity; (b) Defendant discharged Plaintiff; and (c) Defendant discharged Plaintiff because Plaintiff engaged in FMLA-protected activity. Plaintiff does not have to prove that Plaintiff's FMLA-protected activity is the only reason Defendant discharged Plaintiff. If you disbelieve the reason Defendant has given for its decision, you may infer Defendant discharged Plaintiff because of her FMLA-protected activity.

This case also arises under the Fair Labor Standards Act, which is a federal law that provides for the payment of overtime wages. Plaintiff claims that Defendant did not pay her the legally-required overtime pay.

Plaintiff must prove by a preponderance of the evidence that Defendant failed to pay Plaintiff the overtime pay required by law for all hours worked by Plaintiff in excess of 40 in one or more workweeks.

You must determine the number of hours worked by Plaintiff based on all of the evidence. Defendant is legally required to maintain accurate records of its employees' hours worked. If you find that Defendant failed to maintain records of Plaintiff's hours worked or that the records kept by Defendant are inaccurate, you must accept Plaintiff's estimate of hours worked, unless you find it to be unreasonable.

An employee's "regular rate" is the basis for calculating any overtime pay due the employee. Here, the regular rate is determined by dividing the fixed weekly salary by the actual hours worked each workweek that the employee worked more than 40 hours. The overtime payment for that week is then determined by multiplying all hours worked over 40 in the workweek by ½ the regular rate for that workweek. The amount due Plaintiff is the sum total of each workweek's overtime.

In its defense, Defendant claims that even if you should find that Plaintiff has proved all the necessary elements of her claims, the overtime pay law does not apply because Plaintiff is an exempt employee. The exemption claimed by Defendant is the administrative exemption.

To receive the benefit of this exemption, Defendant must prove the following by a preponderance of the evidence:

1. Plaintiff's primary duty was the performance of office or non-manual work directly related to the management or general business operations of Defendant or Defendant's customers; and

2. Plaintiff's primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

The term "primary duty" means the principal, main, major or most important duty that the employee performs. Determination of the employee's primary duty must be based on all the facts, with the major emphasis on the character of the employee's job as a whole. Factors to consider when determining the employee's primary duty include, but are not limited to, the relative importance of the exempt duties as compared with other types of duties; the amount of time spent performing exempt work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employees for the kind of non-exempt work performed by the employee. The amount of time spent performing exempt work can be a useful guide in determining whether exempt work is the employee's primary duty. Thus, employees who spend more than 50 percent of their time performing exempt work will generally satisfy the primary duty requirement. Time alone, however, is not the sole test, and exempt employees need not spend more than 50 percent of their time performing exempt work.

The phrase "directly related to the management or general business operations" refers to the type of work performed by the employee. To meet this requirement, the employee must perform work directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment. Work directly related to management or general business operations includes, but is not limited to, work in functional areas such as tax; finance; accounting; budgeting; auditing; insurance; quality control; purchasing; procurement; advertising; marketing; research; safety and health; personnel management; human resources; employee benefits; labor relations; public relations; government relations; computer network, internet and database administration; legal and regulatory compliance; and similar activities.

The phrase "exercise of discretion and independent judgment" involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered. The term "matters of significance" refers to the level of importance or consequence of the work performed. Factors to consider when determining whether the employee exercises discretion and independent judgment with respect to matters of significance include, but are not limited to: whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; whether the employee carries out major assignments regarding the operations of the business; whether the employee performs work that affects business operations to a substantial degree; whether the employee has authority to commit the employer in matters that have significant financial impact; whether the employee has authority to waive or deviate from established policies and procedures without prior approval; whether the employee has authority to negotiate and bind the company on significant matters; whether the

employee provides consultation or expert advice to management; whether the employee is involved in planning long- or short-term business objectives; whether the employee investigates and resolves matters of significance on behalf of management; and whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances.

The exercise of discretion and independent judgment implies that the employee has authority to make an independent choice, free from immediate direction or supervision. However, employees can exercise discretion and independent judgment even if their decisions or recommendations are reviewed at a higher level. The exercise of discretion and independent judgment must be more than the use of skill in applying well-established techniques, procedures or specific standards described in manuals or other sources. The exercise of discretion and independent judgment also does not include clerical or secretarial work, recording or tabulating data, or performing other mechanical, repetitive, recurrent or routine work.

Even if Plaintiff has proven the elements of her FLSA claim, you must return a verdict for Defendant if Defendant proves by a preponderance of the evidence that it is exempt from the overtime pay law under the administrative employee exemption.

## DAMAGES

If you find that Defendant violated the FMLA, then you must determine whether Defendant has caused Plaintiff damages and, if so, you must determine the amount, if any, of those damages. Plaintiff must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. On the other hand, Plaintiff need not prove the amount of her losses with mathematical precision, but only with as much certainty and accuracy as the circumstances permit.

You should consider the following elements of damages under the FMLA, and no others: any wages, salary, employment benefits, or other compensation denied or lost because of Defendant's violation of the FMLA. Wages, salary, and benefits include the amounts the evidence shows Plaintiff would have earned had she remained an employee of Defendant, and includes fringe benefits such as life and health insurance, stock options, contributions to retirement, etc., minus the amounts of earnings and benefits, if any, that is proved by a preponderance of the evidence that Plaintiff received in the interim.

If you find in favor of Plaintiff, you must decide whether Defendant acted in good faith. You must find Defendant acted in good faith if you find by a preponderance of the evidence that, when Defendant terminated Plaintiff, Defendant honestly intended and reasonably believed that its actions complied with the FMLA.

Additionally, if you find that Plaintiff has proved all of the elements of her FLSA claim, and that Defendant failed to establish its claim of exemption from the overtime pay law, then your verdict must be for Plaintiff and you must determine the damages that Plaintiff is entitled to recover.

The measure of damages under the FLSA is the difference between what Plaintiff should have been paid under the law and the amount that you find Defendant actually paid.

You should not interpret the fact that I have given instructions about Plaintiff's damages as an indication in any way that I believe that Plaintiff should, or should not, win any part of this case. It is your task first to decide whether Defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendant is liable and that Plaintiff is entitled to recover money from Defendant.

# THE VERDICT

It is your sworn duty as jurors to discuss the case with one another in an effort to reach an agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits that the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you regarding your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. The lawyers may wish to talk to you after the case is over. You are free to do so or not, as you wish.

You may now retire to the jury room to conduct your deliberations.

**SIGNED** this _____ day of September, 2013.


**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**