IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| DARLENE ALEXANDER | § | |
| --- | --- | --- |
| *Plaintiff,* | § | |
| versus | § | CIVIL ACTION NO. H-12-817 |
| SERVISAIR, LLC, | § | |
| *Defendant.* | § | |

## O R D E R

Pending before the Court is the Plaintiff's Supplemental Post Trial Motion to Add Application for Attorney's fees and Costs **(Instrument No. 64)** requested in accordance with the methodology outlined by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) (en banc). Defendant objects to this motion as untimely because it was not filed within ten days of the conclusion of the trial. While it is accurate that the Plaintiff did not include a request for attorney's fees in their timely post trial motion, the Court feels that it must take some responsibility for failing to clearly indicate that it was the Court's intent that any post-trial motion include a request for attorney's fees. In looking back at the Court's instruction at the end of trial, it appears that it may have been slightly ambiguous, and as a result, the Court accepts the Supplemental Post Trial Motion for Attorney Fees and Costs as timely.

In evaluating the request for attorney's fees, first it must be clear that the Plaintiff is the prevailing party, for in order to be eligible for a fee award, the Plaintiff must have prevailed on a significant claim that directly benefits the Plaintiff. *Farrar v. Hobby,* 506 U.S. 103, *113 S.Ct. 566 (1992).* It is not necessary, however, that Plaintiff prevail on the "central issue" of the case to be

considered the prevailing party. *Texas State Teachers Ass'n v. Garland Ind. Sch. Dist.*, 489 U.S. 782, 791, 109 S.Ct. 1486 (1989).

In this case, the jury found that Defendant denied, restrained, or interfered with Plaintiff's right to leave under the FMLA, or her attempt to exercise her right to leave under the FMLA. Additionally, the jury found that the Defendant lacked good faith in its dealings with Plaintiff on the FMLA. The jury also found against the Plaintiff on her claim that she was discharged because she took or requested leave under the FMLA and that she was exempt from overtime pay under the FLSA. Accordingly, while the Plaintiff prevailed on one of her claims and the jury determined that the Defendant did not act in good faith, she was not the prevailing party on two of the claims asserted in this lawsuit. Therefore, the claim for attorney's fees must take into consideration the fact that the Plaintiff had an incomplete victory.

Next we must turn to the methodology required to calculate the appropriate attorneys' fee. The lodestar approach conceived in *Johnson* is favored generally because it lends a degree of objectivity and certainty to the assessment of fees. *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149-50 (11th Cir. 1993). The basis of lodestar accounting involves multiplying the number of hours reasonably expended by the applicable hourly market rate for legal services. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933 (1983). In addition, the Fifth Circuit requires an analysis of the "*Johnson* factors" in each case before fees can be calculated. *See, e.g., Nisby v. Court of Jefferson Cty.*, 798 F.2d 134, 137 (5th Cir. 1986) (reversing award because court did not address "applicability of each of the *Johnson* factors").

The "*Johnson* factors" include (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6)

whether fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and result obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the clients; and (12) awards in similar cases. These factors may bear on the market rate or on whether the hours were reasonably spent and may be a basis for adjusting the lodestar. *Hensley* at 434.

Utilizing these factors, the Court may make downward adjustments, e.g. for incomplete success; *see Pressley v. Haeger,* 977 F.2d 295, 298 (7th Cir. 1992) (prohibiting an award of fees on losing claims) and in rare cases, upward adjustments, e.g. based on exceptional results; *see Shipes v. Trinity Industries,* 987 F.2d 311, 322 (5th Cir. 1993). A failure to consider the *Johnson* factors constitutes an abuse of discretion. *Riddell v. National Democratic* Party, 712 F.2d 165 (5th Cir. 1983).

Fed. R. Civ. P. 54(d)(2)(A) provides that claims for attorneys' fees are to be made by motion unless such fees are an element of damages that have been proved at trial. In this case Plaintiff has filed a motion for award of attorney's fees in accordance with the Court' order.

Plaintiff presented evidence that in this case the jury found for the Plaintiff on her primary claim under the FMLA and that very little time had actually been devoted to her FLSA claim. Counsel has represented the Plaintiff since July 11, 2011, almost immediately after her termination. Moreover, Plaintiff alleges that she is entitled to seek an award of attorneys fees regardless of the moun tof damages awarded by the jury. Finally, Plaintiff provided detailed information on the number of hours expended, the work completed, the hourly billing rate and information on each counsel who worked on this case.

Defendant counters that the motion is untimely. That issue has been addressed above. Defendant denies that the Plaintiff is the prevailing party in this case, despite the fact that the jury found that Defendant violated the FMLA and did so in bad faith. Finally, Defendant alleges that the Plaintiff is not entitled to attorney's fees because she did not prove a compensable injury. For the reasons outlined in the Court's final judgment, this Court disagrees with this assertion.

Applying the *Johnson* factors to the claims in this case, the Court finds that the Plaintiff kept detailed, contemporaneous accounts of the time and expenses devoted to the preparation and trial of this case. The services for which Plaintiff's counsel seeks compensation were performed with a high level of skill and were reasonable and necessary for the preparation and trial of plaintiff's case. The Court further finds that the hourly rates billed by the firm were significantly lower than the hourly rate that are customary for work of comparable quality in the Houston legal community and accordingly finds that they are very reasonable. The Court also finds the expenses incurred by Plaintiff's counsel to have been reasonable and necessary for the preparation and trial of this case. In addition to the foregoing considerations relating to reasonable and necessary professional services, levels of skill, and customary billing rates, the Court has analyzed the remaining lodestar factors outlined in *Johnson*. The Court finds that the affidavits of the Plaintiff's counsel support the award of fees in that the services were compensable under the law, and that the results obtained were favorable to the Plaintiff and were preferable to any compromise proposed prior to trial and that the preoccupation with this case precluded involvement by all attorneys concerned with other business.

The Court notes that the Plaintiff made several deductions in the hours submitted to account for an incomplete victory for the Plaintiff. The Court does not believe sufficient time was deducted

and has calculated the time of Mr. Petrou for the claims on which the Plaintiff prevailed at 276.30 hours.

Based on the Court's findings as outlined above, no lodestar multiplier or other adjustment appears warranted in this case. Accordingly, pursuant to the applicable law, the Court finds that the following fees, hours and expenses form a reasonable basis for an award of fees and costs for preparation and trial of this case:

| <u>Timekeeper</u> | <u>Task</u> | <u>Hours</u> | <u>Rate</u> | <u>Total</u> |
|---|---|---|---|---|
| Steven E. Petrou | Lead Counsel | 276.30 | $300 | $82,890 |
| Stanley P. Santire | Co-Counsel | 27.75 | $300 | 8,325 |
|  |  |  |  |  |
| <u>Expenses</u> |  |  |  |  |
| Filing fees, copies etc. |  |  |  | $513.75 |
|  |  |  |  |  |
|  |  |  |  |  |
| **TOTAL** |  |  |  | $91,728.75 |

ACCORDINGLY, it is ORDERED that Plaintiff recover from Defendant their legal fees and costs incurred in the preparation and trial of this case in the amount of $91,728.75.

The Clerk shall enter this Order and provide a copy to all parties.

SIGNED on this the 9th day of October, 2013, at Houston, Texas.

_____
**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**