IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARLENE ALEXANDER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H:12-00817 |
| | § | |
| SERVISAIR, LLC, | § | |
| | § | |
| Defendants. | § | |

## AMENDED FINAL JUDGMENT

This case is before the Court on remand from the Fifth Circuit Court of Appeals. In accordance with the findings of the Court of Appeals, this Amended Final Judgment is entered to award attorney's fees related to the appeal of this case.

### I.

On the 11th of September, 2013, the above-style and numbered case came on for trial. Both sides appeared and announced ready for trial, and the case was tried to a jury, one having been timely requested. The case was submitted to the jury on September 13, 2013. The jury questions and answers were as follows:

### QUESTION NO. 1

Do you find by a preponderance of the evidence that Defendant denied, restrained, or interfered with Plaintiff's right to leave under the FLMA, or her attempt to exercise her right to leave under the FMLA?

Answer "Yes" or "No."

_____YES_____

Please proceed to Question No. 2.

### QUESTION NO. 2

Do you find by a preponderance of the evidence that Defendant discharged Plaintiff because Plaintiff requested or took leave under the FMLA or sought restoration of her position after taking FMLA leave?

Answer "Yes" or "No."

_____NO_____

If you answered "Yes" to either Question No. 1 or Question No. 2, or both, please proceed to Question No. 3. If you answered "No" to both Question No. 1 and Question No. 2, please proceed to Question No. 5.

### QUESTION NO. 3

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff for the damages, if any, you have found Defendant caused Plaintiff under the FMLA?

Answer in dollars and cents for the following items and none other: wages, salary, employment benefits, or other compensation denied or lost:

_____$1.00_____

If you awarded Plaintiff a sum of money in Question No. 3, please proceed to Question No. 4. If you answered "$0," please proceed to Question No. 5.

### QUESTION NO. 4

Do you find by a preponderance of the evidence that Defendant lacked good faith in its dealings with Plaintiff on the FMLA?

Answer "Yes" or "No."

_____YES_____

Please proceed to Question No. 5.

2

## QUESTION NO. 5

Do you find from a preponderance of the evidence that Plaintiff worked more than forty hours in at least one single workweek between November 15, 2010 and May 17, 2011?

Answer "Yes" or "No."

_____YES_____

If you answered "Yes" to Question No. 5, please proceed to Question No. 6. If you answered "No" to Question No. 5, do not answer any more questions. Please sign and date the Certificate and return it to the Court.

## QUESTION NO. 6

Do you find from a preponderance of the evidence that Defendant established that Plaintiff is exempt from the overtime pay law under the administrative employee exemption to the FLSA?

Answer "Yes" or "No."

_____YES_____

If you answered "No" to Question No. 6, then answer Question No. 7. If you answered "Yes" to Question No. 6, do not answer any more questions. Please sign and date the Certificate and return it to the Court.

## QUESTION NO. 7

What amount of damages should Plaintiff be awarded for overtime hours worked between November 15, 2010 and May 17, 2011 under the FLSA?

Answer in dollars and cents:

___[NO RESPONSE]_____

3

## II.

Plaintiff has filed a Post Trial Motion to Conform Damages to the Evidence and for Entry of Judgment. Although the jury awarded Plaintiff $1.00 in damages based on Defendant's violation of the FMLA, Plaintiff claims that no evidence supports the jury's finding. She claims that the undisputed evidence at trial shows that Plaintiff's lost wages total $37,004.00. (Instrument No. 62 at 4). Additionally, because the jury found that Defendant lacked good faith in its dealings with Plaintiff on the FMLA, Plaintiff requests a liquidated damages award doubling Plaintiff's undisputed lost wages. (Instrument No. 62 at 5-6). Plaintiff therefore seeks judgment in the amount of $74,008.00. (Instrument No. 62 at 6). Defendant has filed a response, arguing that the jury's damages award is entitled to considerable deference and should be upheld. (Instrument No. 63 at 1-2). Defendant also argues that, because the jury did not find that Plaintiff was terminated in retaliation for taking FMLA leave, she is not entitled to damages under the FMLA because her termination was not related to her FMLA leave. (Instrument No. 63 at 5-8).

Plaintiff argues that the undisputed testimony and evidence at trial demonstrated that her salary was $53,000 a year when she was terminated by Defendant on May 17, 2011. (Instrument No. 62 at 2; Instrument No. 61-1 at 3; Instrument No. 61-3 at 1). Plaintiff testified, and Defendant did not dispute, that she was unable to find another full-time job until June 15 or 16, 2012, almost thirteen months after her termination. Plaintiff testified that, had she not been terminated by Defendant, she would have earned $57,416.66 over this thirteen-month period. Plaintiff further testified that, prior to finding a full-time job in June 2013, she earned $1,034.00 in 2011 and $19,378.00 in 2012 from the Robert Half Agency. Subtracting her interim wages from the

4

$57,416.00 she would have earned if she had not been terminated by Defendant, she testified that her lost wages totaled $37,004.60.

Defendant presented no evidence about Plaintiff's damages and did not question Plaintiff or any other witness about her damages. When the Court inquired at the Charging Conference whether Defendant sought a jury instruction on Plaintiff's failure to mitigate her damages, Defendant admitted that it had presented no evidence on the issue and did not object to the Court removing the instruction from the jury charge.

The jury received the following instructions on damages:

> If you find that Defendant violated the FMLA, then you must determine whether Defendant has caused Plaintiff damages and, if so, you must determine the amount, if any, of those damages. Plaintiff must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. On the other hand, Plaintiff need not prove the amount of her losses with mathematical precision, but only with as much certainty and accuracy as the circumstances permit.
>
> You should consider the following elements of damages under the FMLA, and no others: any wages, salary, employment benefits, or other compensation denied or lost because of Defendant's violation of the FMLA. Wages, salary, and benefits include the amounts the evidence shows Plaintiff would have earned had she remained an employee of Defendant, and includes fringe benefits such as life and health insurance, stock options, contributions to retirement, etc., minus the amounts of earnings and benefits, if any, that is proved by a preponderance of the evidence that Plaintiff received in the interim.

(Instrument No. 56 at 9-10).

Trial courts may grant a new trial when the verdict is "against the weight of the evidence." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 433 (1996) (quotation marks and citation omitted). "Implicit in the court's new-trial power is the prerogative, when damages are too great, to instead secure agreement from the 'plaintiff to remit excessive damages.'" *Roman v. W. Mfg., Inc.*,

5

691 F.3d 686, 701 (5th Cir. 2012) (quoting *Dimick v. Schiedt*, 293 U.S. 474 (1935).The Supreme Court has generally held that reducing damages, known as "remittur[,] withstands Seventh Amendment attack," while the opposite, known as "additur, [is] unconstitutional." *Gasperini*, 518 U.S. at 433.

Despite this general rule, the Fifth Circuit has held that "[t]he constitutional rule against additur is not violated in a case where the jury ha[s] properly determined liability and there is no valid dispute as to the amount of damages. In such a case the court is in effect simply granting summary judgment on the question of damages." *Moreau v. Oppenheim*, 663 F.2d 1300, 1311 (5th Cir. 1981) (quotation marks and citation omitted). "[W]hen the amount of damages is not disputed and a party is entitled to damages under the verdict as a matter of law . . . '[i]t would be a mere formality to order a partial new trial limited to the issue of damages when the court could immediately thereafter grant summary judgment for the undisputed amount.'" *Taylor v. Green*, 868 F.2d 162, 165 (5th Cir.1989) (quoting 6A J. Moore's Federal Practice ¶ 59.08[8] (2d ed. 1987)).

In *E.E.O.C. v. Massey Yardley Chrysler Plymouth, Inc.*, 117 F.3d 1244, 1252 (11th Cir. 1997), the Eleventh Circuit held that a district court can increase a jury's back pay award in a discrimination case. In *Massey Yardley*, an age discrimination case, the jury awarded the equivalent of only six months of back pay, although "nothing in the record indicates the occurrence of some event that would justify cutting off back pay after six months." *Id.* The Eleventh Circuit held that the district court erred in refusing to increase the plaintiff's back wages to the amount shown by the uncontroverted evidence because "the jury has found the underlying liability and there is no genuine issue as to the correct amount of damages." *Id.* (citing *Moreau*, 663 F.2d at 1311).

6

The Fifth Circuit has cited *Massey Yardley* affirmatively, recognizing that its general "principle is firmly recognized across the circuits." *Roman*, 691 F.3d at 702, 702 n.10. In *Roman*, a products liability case, the Fifth Circuit affirmed the district court's decision to amend the jury award for past medical expenses from $15,000 to $168,804.22, the total of the plaintiff's medical treatments. *Id.* at 701. At trial, the undisputed testimony from the plaintiff's doctors showed that the plaintiff's treatment was medically necessary and related to the case. *Id.* The Fifth Circuit held that the district court correctly "found that the jury had no valid basis in evidence" for the lower sum because the defendant never disputed the plaintiff's treatment or its value. *Id.*

Under the rule established in *Taylor v. Green* and applied in *Roman*, Plaintiff is entitled to the damages she seeks if she establishes that: (1) she is entitled to damages under the verdict as a matter of law; and (2) the amount of damages is not disputed. *Taylor*, 868 F.2d at 165; *Roman*, 691 F.3d at 701-02. Here, the jury found by a preponderance of the evidence that Defendant interfered with Plaintiff's right to leave under the FMLA pursuant to 29 U.S.C. § 2615(a). (Instrument No. 58 at 2). Based on this finding, the jury was instructed to award Plaintiff the "[w]ages, salary, and . . . Plaintiff would have earned had she remained an employee of Defendant, . . . minus the amounts of earnings and benefits, if any, that is proved by a preponderance of the evidence that Plaintiff received in the interim." (Instrument No. 56 at 10; Instrument No. 59 at 4). Damages under the FMLA are not discretionary; rather, "[a]ny employer who violates section 2615 of this title shall be liable to any eligible employee affected for damages equal to the amount of any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation." 29 U.S.C. § 2617(a)(1). However, instead of awarding Plaintiff her lost wages, which the undisputed

7

evidence demonstrated was $37,004.00, the jury awarded only $1.00. Plaintiff clearly meets the requirements of *Taylor*. Accordingly, the Court awards Plaintiff $37,004.00 as back wages.

None of Defendant's arguments contained in its response require a contrary result. Defendant claims that, because the jury did not find for Plaintiff on her FMLA retaliation claim, the jury must have found that Defendant did not cause Plaintiff's damages. (Instrument No. 63 at 4-8). However, this argument incorrectly prioritizes Plaintiff's retaliation claim over her interference claim and fails to recognize that the jury was required to award Plaintiff her uncontested lost wages as damages if the jury found for Plaintiff on either claim. *See* (Instrument No. 59 at 2, "If you answered "Yes" to either Question No. 1 [Interference] or Question No. 2 [Retaliation], *or both*, please proceed to Question No. 3 [Damages] (emphasis and description added)).

Defendant cites a Louisiana district court decision to claim that "to avoid liability for damages under the FMLA, [the d]efendant was only required to show that [the p]laintiff was not terminated *because of* h[er] exercise of FMLA rights." *Johnson v. City of Monroe*, CIV.A. 06-0635, 2007 WL 2479658 *2 (W.D. La. Aug. 28, 2007) (emphasis in original). The court in *Johnson* held that the plaintiff was not entitled to damages. *Id.* In *Johnson*, however, the plaintiff only brought suit for retaliation, and the jury specifically found that the defendant would have fired the plaintiff regardless of his exercise of FMLA rights. *Id.* at *1. In other words, the plaintiff in *Johnson* did not have an independent statutory ground for damages, like Plaintiff's interference claim provides here.

Defendant also argues that Plaintiff is not entitled to damages here because she "did not convince the jury that [Defendant] caused her to suffer unemployment because she was on FMLA leave." (Instrument No. 63 at 8). Rather, Defendant claims, the jury "determined that Plaintiff did not sustain damages resulting from [Defendant's] termination of her employment for job

8

abandonment." (Instrument No. 63 at 8). However, Defendant's argument again demonstrates Defendant's prioritization of the retaliation claim and resembles the argument rejected by the Fifth Circuit in *Nero*. There, the plaintiff argued that his termination while he was on FMLA leave constituted an unlawful interference with his right to reinstatement. *Nero*, 167 F.3d at 927. Although the defendant argued that the plaintiff could not recover because there was no evidence of intent, this represented "a misunderstanding of Nero's claim." *Id.* at 926-27. "Nero argued repeatedly and clarified at trial that he is 'not saying he got fired because of taking the leave.' Rather, Nero argued consistently throughout trial that 'the crux of the claim [is that] he wasn't restored' to his job." *Id.* at 927. The Fifth Circuit held: "Because the issue is the right to an entitlement, the employee *is due the benefit if the statutory requirements are satisfied*, regardless of the intent of the employer." *Id.* (emphasis added) (quoting *Hodgens v. Gen. Dynamics Corp.*, 144 F.3d 151, 159–60 (1st Cir. 1998)).

Of course, *Nero* differs from the present case because Plaintiff did claim, in part, that Defendant terminated her because she took FMLA leave. However, she also brought an interference claim. The jury instructions stated, "Alexander alleges that she was terminated while she was taking medical leave, ... in violation of the [FMLA]." (Instrument No. 55 at 3). On this claim, the jury not only found in her favor but also found that Defendant had not acted in good faith. The jury's failure to find that Defendant terminated her *because* she took FMLA leave does not vitiate the jury's finding that Plaintiff was terminated *while* she was taking medical leave in violation of the law, as Defendant claims. As in *Nero*, Plaintiff is due the benefit of the FMLA entitlement because the jury found Defendant violated her rights. *See id.*

Furthermore, the jury found that Defendant lacked good faith in its dealings with Plaintiff on the FMLA. (Instrument No. 59 at 5). The FMLA provides that a court shall award liquidated

9

damages equal to the actual damages due to lost compensation plus interest. *See* 29 U.S.C. § 2617(a)(iii). If an employer proves that it acted "in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of [the FMLA]," then a court may reduce the liquidated damages. *Id.* "Doubling of an award is the norm under the FMLA, because a plaintiff is awarded liquidated damages in addition to compensation lost." *Nero v. Indus. Molding Corp.*, 167 F.3d 921, 929 (5th Cir. 1999). There is a strong presumption under the statute in favor of doubling. *Id.* (quoting *Shea v. Galaxie Lumber & Constr. Co., Ltd.*, 152 F.3d 729, 733 (7th Cir.1998) (discussing FLSA liquidated damages provision).

The Court finds that ample evidence exists in the record to support the jury's verdict that Defendant lacked good faith in its dealings with Plaintiff regarding the FMLA.

Accordingly, the Court awards Plaintiff an additional $37,004.00 as liquidated damages, for a total award of $74,008.00, plus interest.

### III.

Plaintiff also seeks an award of attorney's fees and costs, which the Court has addressed in a separate Order.

### IV.

Based on the verdict of the jury, the Court's above order on Plaintiff's Post Trial Motion to Conform Damages to the Evidence, and the Court's Order on attorney's fees and costs, the Court **ENTERS** the following judgment:

Judgment is **GRANTED** in favor of Plaintiff Darlene Alexander as follows:

(1) $37,004.00, as lost wages;

(2) $37,004.00, as liquidated damages;

10

(3)     $91,728.75, as attorney's fees and costs; and

(4)     Post-judgment interest on the above in the amount of 0.11% per annum, from the date of the judgment until fully paid.

(5)     Additional attorney's fees incurred on appeal of $38,385.00.

**THIS IS A FINAL JUDGMENT.**

The Clerk shall enter this Order and provide a copy to all parties.

**SIGNED** on this the 19th day of February, 2015, at Houston, Texas.

                                             **VANESSA D. GILMORE**
                                             **UNITED STATES DISTRICT JUDGE**